PER CURIAM:
Claimant brought this action for damage to her 1997 Dodge Avenger which occurred when her son, Mark McBride, was driving the vehicle on Route 20 in Summers County near the Bluestone Dam when rocks fell from the hillside adjacent to the road and struck the vehicle causing damages to the vehicle. Respondent was at all times herein responsible for the maintenance of Route 20. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Claimant’s son, Mark McBride, was operating claimant’s vehicle on December 1,2001, on Route 20 in Summers County. He had one passenger sitting in the right, front seat. It was a cold, foggy evening. The accident occurred at approximately 2:00 a.m. Route 20 is a two-lane, asphalt road marked with a yellow center line and white edge lines. Mr. McBride testified that he was proceeding southbound from Hinton to Pipestem and that he was driving at fifty-five miles per hour in a straight stretch of the highway when a rock, suddenly and without warning, struck the right, rear of the vehicle. More rocks fell onto the right side of the roof of the vehicle, and one fell directly in front of the vehicle which was struck with the right front tire. The vehicle went into the air, moved on two tires and then came back down into an upright position. After the vehicle struck the rock, Mr. McBride testified that he was able to allow the vehicle to coast to a wide spot adjacent to the road and it was later towed from the scene. He described the rock as being two or three feet high and as big as the hood of the vehicle. A Traffic Crash Report prepared by the Summers County Sheriffs Office indicated that the vehicle traveled *135 some 286 feet where it went off the right side of the road, then it traveled some 62 feet off the edge of the road, reentered the roadway and traveled some 59 feet crossing the center line and traveling another 16 feet before it stopped. Mr. McBride stated that he had driven through this same area of Route 20 earlier that day and he had not observed any rocks on the road at that time. He is familiar with Route 20 and he stated that he had observed rocks in the road in this area on other occasions. There are “Falling Rock” signs for both the northbound and southbound traffic for this particular section of Route 20. Further, he explained to the Court that this area of highway is a known rock fall area.
Although claimant’s husband, Gary McBride testified about the damages to the vehicle and established damages to her vehicle in the amount of $8,758.46 which represents the value of her vehicle as a total loss, he explained that claimant had insurance coverage with a deductible of $100.00. The Court limits recovery, if any, in this claim to the amount of the deductible even though the insurance did not pay any part of claimant’s loss because the driver of the vehicle, Mark McBride, was an excluded driver under the terms of the insurance policy. The claimant is not entitled to recover more than the amount of the deductible provision in her policy.
Respondent did not offer any testimony or evidence in this claim.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constmctive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Hiighway, 11 Ct24
In the present claim, claimant failed to establish that respondent did not take adequate measures to protect the safety of the traveling public on Route 20 in Summers County. Respondent has placed “Falling Rock” warning signs to warn the traveling public of the potential for rock falls at this location and respondent reacted as soon as it received notice of this incident and remove the rocks from the road. The driver of claimant’s vehicle was familiar with Route 20 and the propensity of rocks to fall onto the roadway. The Court recognizes that driving in an area with rock hillsides where rocks fall suddenly onto the vehicle and in front of the vehicle giving the driver little time to react does not mean the driver is at fault. However, the respondent likewise does not have time to react and cannot be held to be negligent for the accident which occurs. There is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.